[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Patricia E. Toatley, appeals from a decision of the defendant, the Administrator Unemployment Compensation Act. The plaintiff claims that the Employment Security Board of Review (board) wrongly determined that she lacked good cause to excuse her late filing of a motion for a rehearing at the board of review. On November 22, 1993, the board, acting pursuant to General Statutes § 31-249b, filed the record of the administrative proceedings. The record reveals the following CT Page 8721 facts, which are not contested.
On September 22, 1992, an examiner for the employment security division determined that the plaintiff was entitled to a weekly benefit rate of $270.00 per week. General Statutes §31-241 provides that the plaintiff may appeal this decision. On October 16, 1992, the plaintiff filed an appeal. In this appeal, the plaintiff claimed that weekly benefit rate was determined improperly.[1] In a decision dated December 15, 1992, the referee dismissed the appeal on the grounds that her appeal was filed late.[2]
General Statutes § 31-249 provides that the plaintiff may appeal the referee's decision. In a letter, which is dated December 30, 1992, the plaintiff appealed the decision of the referee to the board. The plaintiff claimed that the referee erred when he determined that the plaintiff did not have good cause for filing her appeal late.
In a decision dated March 15, 1993, the board reversed the referee's decision. The board found that the plaintiff had acted with "due diligence" and, therefore, the untimeliness of her appeal was excused. The board remanded the case to the referee with instructions to determine the merits of the plaintiff's appeal.
In a decision dated March 31, 1993, the referee dismissed the appeal as moot. The referee explained that General Statutes §31-235(a)(3) requires that an individual earn wages paid by a covered employer in an amount equal to forty times the individual's benefit rate. The referee found that if the plaintiff filed for benefits in October, 1992, her benefit rate would not have increased.
General Statutes § 31-249 provides that the plaintiff may appeal the referee's decision. In a letter dated April 13, 1993, the plaintiff appealed the decision of the referee to the board. The plaintiff claimed that she was eligible for the higher benefit rate because she started receiving checks from her new application in October, 1992, when the benefit rate was increased. In a decision dated June 7, 1993, the board dismissed the plaintiff's appeal on the ground that the "conclusion reached by the referee is supported by the findings of fact recited in the referee's decision and that those findings are supported by the record." CT Page 8722
General Statutes § 31-249a provides that the plaintiff may file a motion to reopen with the board. In a letter dated July 13, 1993, the plaintiff filed a motion to reopen her case. The plaintiff explained that her motion "is being submitted late due to illness." The board held a hearing, by telephone, on July 29, 1993. In a decision dated September 10, 1993, the board denied the motion to reopen. The board first determined that the motion to reopen was filed late. The board next determined that the plaintiff "has failed to prove that factors beyond her control prevented her from filing a timely motion to reopen the board's decision."
In a letter dated September 21, 1993, the plaintiff filed a second motion to reopen her case. After an exchange of letters, it was determined that the board should treat this second motion to reopen as an appeal to Superior Court. General Statutes §31-249b provides for an appeal to Superior Court. Accordingly, this appeal is pending.
When an unemployment compensation appeal, "concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear the evidence." United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." Id., 385-86.
The evidence indicates that the plaintiff did not timely file her appeal to the board of review. Thus, the issue on appeal is whether the board correctly determined that she lacked good cause to excuse her late filing. This is an issue of fact. Because it is an issue of fact and not of law, the court's review is limited to whether evidence supports the court's finding.
The board found that the two reasons offered by the plaintiff to explain her late filing lacked merit. First, the plaintiff waited until she had access to a typewriter (or computer) at a CT Page 8723 local community college to present her appeal. The board noted that an appeal does not have to be typewritten. Second, the board noted that the plaintiff did not allege that her heel injury prevented her from mailing an appeal from a mailbox. The board concluded that the plaintiff's injury could not excuse her late filing. The court cannot find that the board's decision was illegal, arbitrary or an abuse of discretion.
Accordingly, the plaintiff's appeal is dismissed.
BY THE COURT
Levin, J.